IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DONALD R. BARNARD,

      Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

      Defendant.

Case No. 13-CV-404-GKF-FHM

## REPORT AND RECOMMENDATION

  Plaintiff, Donald R. Barnard, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

  The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's June 28, 2010, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held January 30, 2012. By decision dated Marcy 15, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 14, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 50 years old on the alleged date of onset of disability and 53 on the date of the ALJ's denial decision. He has a General Equivalency Diploma and formerly worked as dog breeder and plastic press molder. He claims to have been unable to work since October 29, 2009 as a result of depression, generalized anxiety, and social phobia.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but he is limited to performing simple, repetitive tasks. Further he can only relate to supervisors and peers on a superficial basis and can have no more than incidental contact with the public. Based on the testimony of a vocational expert, the ALJ found that Plaintiff is able to perform his past relevant work as a plastic press molder which was performed at the light unskilled level of exertion. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts that: the ALJ failed to make a proper determination at step 4; the ALJ failed to properly consider the medical and nonmedical source evidence; and the ALJ failed to perform a proper credibility determination.

**Analysis**

**Step 4 Determination**

Plaintiff argues that the ALJ committed reversible error because the hypothetical questioning of the vocational expert failed to include the mental restrictions of moderate limitation in social functioning and moderate limitations of concentration, persistence, or pace. Plaintiff also argues that the ALJ failed to ask the vocational expert about the mental demands of Plaintiff's past relevant work. Neither of these arguments has merit.

In cases, like the present one, where there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the application of the procedure in his decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same). The procedure for evaluating alleged mental impairments requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation of extended duration. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00 (C).

3

The ALJ found Plaintiff had moderate restrictions in social functioning, and in concentration persistence or pace. [R. 58]. Plaintiff argues that the findings are "significant limitations which must be in the hypothetical to the vocational expert." [Dkt. 20, p. 4]. However, those findings are not expressed in work-related limitations and consequently are not appropriate for inclusion in hypothetical questioning of a vocational expert. *See e.g. Chrismon v. Colvin*, 531 Fed.Appx. 893, 897-898 (10th Cir. 2013)(discussing difference between PRT findings and RFC findings). Rather, it is appropriate to include the work-related limitations that flow from those findings, which the ALJ did in this case. The work-related limitations were expressed in the mental RFC form completed by the state agency Disability Determination Service (DDS) reviewing expert, Janice B. Smith, PhD. [R. 240-242]. Those limitations (performance of only simple repetitive tasks, relating to peers and supervisors on a superficial basis, and having only incidental contact with the public) were included in the hypothetical questioning and in the RFC. [R. 26-27, 59].

The record does not support Plaintiff's argument that the ALJ failed to ask the vocational expert about the mental demands of his past relevant work. The ALJ elaborated on what he meant by the limitations he included in the hypothetical question and asked specific and pointed questions about the requirements of Plaintiff's job as a plastic press molder. [R. 26-27].

### Consideration of Medical and Nonmedical Source Evidence

Plaintiff argues that the ALJ failed to properly consider the opinions expressed by one of his mental health counselors, Ms. Brazwell, on a Mental Residual Functional Capacity Assessment form where the counselor indicated Plaintiff had a number of severe and marked limitations. [R. 356-57]. In the decision, the ALJ outlined Ms. Brazwell's

opinions and noted that as a Licensed Professional Counselor/Licensed Alcohol and Drug Counselor candidate, Ms. Brazwell did not qualify as an acceptable medical source under the regulations. The ALJ noted that Ms. Brazwell left the remarks section blank. [R. 64]. That section of the form asked for information about the contribution of drug or alcohol abuse to the question of disability. [R. 357]. The ALJ also noted that Ms. Brazwell's January 10, 2012 assessment appeared contradictory to the letter she submitted to Plaintiff's probation officer dated September 22, 2011, in which she portrayed Plaintiff as being stable due to his medication. [R. 63, 64, 332]. Although the ALJ did not set out each of the factors contained in the regulations for evaluating opinions, 20 C.F.R. §§ 404.1527, 416.927, the ALJ's decision demonstrates his consideration of appropriate factors. (specialty of the author of the opinion, degree of support by relevant evidence, and consistency). The undersigned finds no error in the ALJ's treatment of Ms. Brazwell's opinion.

The ALJ noted the treatment records from Justin Ashlock, D.C. dated July 5, 2011 through October 25, 2011. The ALJ noted that the chiropractor did not document a diagnosis and that the records showed Plaintiff reported improvement. [R. 63-64]. The ALJ cited the Commissioner's regulations, 20 C.F.R. § 404.1513, which state that while chiropractors are not acceptable medical sources, *Social Security Ruling* (SSR) 06-3p, 2006 WL 2329939, requires that opinions even from those who are not "acceptable medical sources" be evaluated and weighed. However, according to SSR 06-3p, information from those who are not "acceptable medical sources" cannot establish the <u>existence</u> of a medically determinable impairment. *Id.* at *2. That means that although records from a chiropractor may be used to show the severity of an impairment or how it affects a

5

claimant's ability to work, the chiropractor's records may not be used as the sole basis of establishing the existence of a medically determinable impairment. Plaintiff has not pointed the court to any objective medical evidence of a physical impairment. The undersigned finds no error in the ALJ's conclusion that there is no medically determinable physical impairment. Moreover, the ALJ's conclusion that Plaintiff had no physical limitations is supported by the findings contained in the report of the consultative medical examination. [R. 277-284].

Throughout the decision, the ALJ appropriately explained the weight he gave to various opinions.

### Credibility Determination

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). The ALJ cited grounds, tied to the evidence, for the credibility finding of Plaintiff and the third-party function report of Ms. Barnard, including: the medical evidence as explained throughout the decision does not support Ms. Barnard's report, [R. 60-61]; Plaintiff's sporadic work history; and the effect of Plaintiff's substance abuse and legal issues on his ability to work apart from his mental illness, [R. 64-65].

Plaintiff essentially disagrees with the weight the ALJ gave to the factors he considered. However, the court may not reweigh the evidence on appeal. The undersigned finds that the ALJ provided a sufficient link between the evidence and his

6

determination that Plaintiff's allegations of an inability to work due to mental health issues not credible. Accordingly, the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

**Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before June 26, 2014.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th

Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 12th day of June, 2014.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE